## McFall v. Blackard.

May 22, 1945.

J. A. Edge for appellant.

D. L. Thornton and Matt T. Blackard for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant and appellee own adjoining tracts of land. In May, 1941, the appellant, Annie B. McFall, removed the division fence and commenced the construction of a new fence, whereupon the appellee brought this action in which he alleged that the appellant was then engaged in constructing a line fence, and that it was being constructed on his land. It appears that the new fence was located several feet from and on appellee's side of the old stone fence, which had been removed. Appellee asked that Mrs. McFall be enjoined from erecting the fence upon the land described in his petition. In an amended petition he alleged that W. H. Sudduth conveyed to him 132.4 acres of land on May 1, 1923, which, at that time, was completely enclosed by fence and on the line between the Sudduth land and the land of Annie B. McFall there was, "commencing at the McCowans Ferry Road, a hedge fence running in an approximately eastern direction about thirty rods. Starting at the end of said hedge fence there was a wire fence running along said division line in the same eastern direction to the creek about 50 rods. Beginning on the East side of the creek there was a stone fence marking said boundary and extending along said division line in an easterly direction about 60 rods. Starting at the end of said stone fence there was another wire fence running in a generally easterly direction about 58 rods to a corner stone marking said division line which said fences were the established division line of the Sudduth and McFall tracts of land." He further alleged that he had been in the adverse possession of the land up to this division fence for more than fifteen years, and that his predecessor in title had been in adverse possession of the same land for more than thirteen years. He asked that the line established by the hedge, wire and stone fences, described in his amended petition, be adjudged the true and correct division line. Numerous pleadings and motions were filed, and on November 4, 1942, there was entered an agreed order, signed by the parties, which reads in part:

"It appearing from the pleadings that there is a dispute between plaintiff and defendant as to the division line between their respective farms, by agreement of counsel it is ordered and adjudged that Mr. John Gunn, representing the defendant and Mr. J. M. McCreight, representing the plaintiff, both competent sur-

veyors, establish the division line between said two farms from all the evidence they can gather from the surveys, public records and previously established fence lines, which said line shall follow as nearly as possible any division line which has been definitely established for a period of more than fifteen years. In case said two surveyors cannot agree, they may choose a third surveyor and the line shall then be established by any two of the three that agree.

"It is further ordered that said line shall be established and staked out as above outlined within fifteen days from the date this order is entered and that neither party shall interfere in any way with said surveyors in carrying out their work or move or allow anyone acting for them to remove any stakes driven in establishing said line."

The two surveyors selected by the parties filed their report November 21, 1942. The pertinent part of the report reads:

"Following an examination of descriptions relating directly to the properties involved, it was found that an intersection point could be located by measuring a common line between two parcels of land which make up the whole tract, now owned and occupied by the Defendant; this line extended in a general North and South direction from a definitely marked point in the North property line of the Defendant, to a point in the disputed property line, and which point is mentioned in the description of the land of both the Defendant and the Plaintiff.

"Since this point was the critical point in the location of the disputed line, it was necessary to run out that line. This was done and it was found that the South extremity ended in the base of a stone fence, recently removed but plainly marked.

"From this point, the base line was laid out extending in a general Eastwardly and Westwardly direction, and from this base, line stakes were set in the true property line and marked as such. It was found that the newly established property line followed very closely the line of the recently removed stone fence, proving to the satisfaction of the surveyors that the newly established property line and the line of the stone fence are identical lines, and that it was the intention of the original party

to fix that line as a boundary line between those parties, and to determine rights by adverse possession.''

Appellant excepted to the report on the ground that the surveyors did not follow the order of the court and their report was not in accordance with the agreement of the parties. On May 13, 1943, the exceptions were overruled, and on February 29, 1944, a judgment was entered confirming the surveyors' report adjudging the boundary line between the lands owned by appellant and appellee to be that set forth in the surveyors' report, and enjoining appellant from erecting a division fence at any point except upon the line established by the judgment. Annie B. McFall appealed, and, on her own motion, the appeal was dismissed without prejudice. She then filed in the office of the Clerk of the Court of Appeals a certified copy of the judgment of February 29, 1944, and moved that the second appeal be ''consolidated with the record'' filed on the first appeal. The motion was treated as a motion to hear this appeal on the record theretofore filed and was sustained. The appellee has moved to dismiss the second appeal on the ground that it is from an agreed judgment, and his motion has been passed to the merits.

The order of November 4, 1942, appointing two surveyors to establish the line, was an agreed order, but appellant did not agree to the judgment appealed from. It is her contention that the judgment is based on a report of the surveyors which did not follow the directions contained in the agreed order, and therefore that she has a right to appeal. There is grave doubt as to her right to appeal, but, since we are of the opinion that the judgment should be affirmed on the merits, it is unnecessary to rule on the motion to dismiss. The judgment adopts the report of the two surveyors selected by the parties. Appellant argues in her brief that the agreed order directed the surveyors to ascertain from surveys, public records and previously established lines the true line upon which the fence should be placed, and that their report shows they undertook to establish the line as shown by adverse possession instead of finding the true boundary line by surveys, public records and previously established fence lines. The argument is not sustained by the record. The order directed the surveyors to establish the division line ''from all the evidence they can gather from the surveys, public records

and previously established fence lines, which said line shall follow as nearly as possible any division line which has been definitely established for a period of more than fifteen years.'' The report of the surveyors approved by the court shows that they examined the deeds to the two tracts of land and located the boundary line from the descriptions found in these deeds. They found that this line and the line of the old fence destroyed by appellant were identical. It is apparent from the record that the old fence had been recognized by the owners of the two tracts of land as the boundary line for more than thirty years.

The judgment is affirmed.